## THE PEOPLE *v.* DÍAZ, *alias* LEÑA VERDE.

### APPEAL from the District Court of Humacao.

No. 70.—Decided April 20, 1906.

APPEAL—INSTRUCTIONS OF THE COURT—STENOGRAPHER'S NOTES.—Where the instructions of the trial court have not been submitted to the consideration of the appellate court in an authentic manner, the latter will not consider the errors alleged to have been committed therein, it not being sufficient that such instructions have been set out in the stenographer's notes, because such a document forms no part of the record on appeal.

ID.—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—Matters relative to the admission or exclusion of evidence will not be considered on appeal, unless the exceptions have been set out in a bill of exceptions.

VERDICT OF THE JURY—DEGREE OF CRIME.—Where it is necessary to make a distinction between different degrees of crime, as in the crime of murder, the jury must necessarily state the degree of the crime of which the defendant is found guilty.

ID.—In this case an information was filed charging murder in the first degree, and the jury found the following verdict: *Guilty of the crime of which he is accused: Held,* That this verdict was null and void because it did not specify the degree of the crime and could not serve as a basis for a judgment sentencing the defendant to suffer the penalty of death.

APPEAL—FUNDAMENTAL ERRORS.—The Supreme Court may consider on appeal any fundamental errors appearing in the record, even where no objection has been made thereto and render its judgment in accordance with law.

*Mr. Travieso* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

In the criminal cause above named, the *fiscal* of the judicial district of Humacao filed the following information:

"In the name and by the authority of The People of Porto Rico. United States of America, *ss:* The President of the United States. *The People of Porto Rico* v. *Demetrio Díaz.* In the District Court of Humacao, March 9, 1905. Demetrio Díaz is accused, by information filed by the *fiscal,* of the crime of murder in the first degree, a felony, committed as follows: On or about the night of January 28th of the current year, in the district of Humacao, the defendant, Demetrio Díaz, unlawfully and with malice aforethought, treacherously and deliberately killed one Agustín Belford, stabbing him twice with a dagger he held ready, once in the back, and the second time in the neck, both being mortal wounds. This act is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico.—José R. Aponte, district *fiscal.*

"The above information is based upon the sworn testimony of witnesses, and I solemnly believe that there is just cause for the filing of this information.—José R. Aponte, district *fiscal.*

"Sworn to and signed before me this 9th day of March, 1905.— Enrique Rincón, clerk of the District Court of Humacao."

The defendant having been arraigned and pleading not guilty, the trial was held, the evidence was heard, and after the allegations of the *fiscal* and of the defense had been heard, the jury returned the following verdict:

"We, the jury, find the defendant, Demetrio Díaz, guilty of the crime as charged. District Court of Humacao, June 20, 1905.—Rodolfo A. Pérez, foreman."

On the following 26th of July the Humacao court rendered the following judgment:

"In the name and by the authority of The People of Porto Rico. *The People of Porto Rico* v. *Demetrio Díaz, alias Leña Verde.* Crime, murder in the first degree. In the District Court of Humacao. *Judgment.*—This cause comes before this court, the trial having been heretofore set for this 20th day of July, the defendant, Demetrio Díaz, *alias* Leña Verde, being present in person and represented by his counsel, Attorney Juan Vías Ochoteco, and The People of Porto Rico, represented by the *fiscal,* José R. Aponte. The defendant was arraigned on the charge of murder in the first degree on the 27th of June last, when the defendant in person pleaded not guilty, and the questions in litigation having arisen from such plea, the hearing was set for the said 20th instant, when, a jury of men good and true being present, who, having been charged upon the questions of law involved and instructed to find a true verdict, withdrew to deliberate, returning with the following verdict:

"We, the jury, find the defendant, Demetrio Díaz, guilty of the crime as charged. District Court of Humacao, July 20, 1905.—Rodolfo A. Pérez, foreman.

"The court called the case again on July 26, 1905. The People of Porto Rico appeared through *fiscal* José R. Aponte, and the defendant, Demetrio Díaz, *alias* Leña Verde, under the custody of the district marshal, and the defendant having been asked whether he had any cause to show why judgment should not be pronounced against him, sufficient cause for not pronouncing judgment was not shown. Therefore, the court, after having heard, understood and considered the matter sufficiently, orders, directs and decrees that the defendant Demetrio Díaz, *alias* Leña Verde, convicted of the crime of murder in the first degree, be transferred within the term of ten days by the marshal of the District Court of Humacao, from the district jail of Humacao, to the penitentiary, until Friday the 29th day of September, 1905, on which day, between the hours of 9 a. m. and 5 p. m., said defendant Demetrio Díaz, *alias* Leña Verde, shall be hanged by the neck until dead, by the warden of the said penitentiary; it being further ordered that the clerk of this district court issue to the district marshal a certified copy of the verdict of the jury and of the sentence of this court in this case, and that the warden of said penitentiary make due report to this court upon the exact and faithful execution of this sentence, with the proper costs. Done in Humacao under my hand, this 26th day of July, 1905.—J. A. Erwin, judge of the District Court of Humacao. Attest: Enrique Rincón, clerk of the district court.''

An appeal was taken from this judgment by counsel for the defendant, Demetrio Díaz, and a motion, presented to the court by counsel for the accused, for an extension of the term granted by section 295 of the Code of Criminal Procedure for the presentation of a bill of exceptions, having been denied, an appeal was also taken from the decision denying it by the same counsel, which was prosecuted separately, this court having affirmed the decision appealed from. The clerk of the court transmitted to this higher court the transcripts of the record, including the verbal charge to the jury by the judge of the court and the evidence taken at the trial, certified to by the reporter, the secretary adding that there was neither a bill of exceptions nor a motion for a new trial, nor any other allegations; and this court having appointed Attorney Martin Travieso to represent the defendant, (because of the death penalty being the punishment for the crime prosecuted, and the defendant not having designated counsel to represent him), the record was referred to the *fiscal* of this Supreme Court, who asked that the sentence be affirmed, and then to counsel for the appellant, who asked for the reversal of the judgment and the holding of a new trial, or, otherwise, a modification of the judgment appealed from by imposing upon the appellant the penalty corresponding to the crime of voluntary homicide; arguments were made by both sides at the hearing in support of their contentions.

Counsel for the appellant in his brief and oral argument has strongly attacked the oral charge to the jury by the judge of the court as erroneous and deficient, and consequently liable to mislead the opinion of the jury upon so capital and important a point as the classification of the crime of which the defendant is charged; but as we do not know the real language of the charge to the jury, because no bill of exceptions has been presented which would permit us to know its exact terms, and as this court has held on a number of occasions that the reporter's notes are insufficient to establish in an authentic and efficient manner what were the proceedings at

the trial, we cannot consider the allegations of the defense in order to determine whether the charge of the judge to the jury was or was not erroneous and deficient, and what influence it might have had in misleading the opinion of the jury in the classification of the acts submitted to its consideration.

The same may be said with respect to the other errors alleged in the brief of the appellant, which relate, the first, to the circumstances of the defendant not having been assisted by counsel at his arraignment, because even though the record does not say so, it is to be inferred that he was not so assisted as it appears from the record that the defendant personally pleaded not guilty; and the second, relating to the refusal of the judge to admit the testimony of witnesses offered by the defense to prove the existence of a small iron bar in the possession of the deceased at the very moment of the commission of the crime; because no bill of exceptions approved by the judge having been submitted, in which such errors would have been properly set forth, we lack the elements necessary to permit us to consider them.

There is, however, another motive which has not been treated by the defense, and which in our opinion constitutes a very grave error, producing the annulment of the sentence and the necessity of a new trial. We refer to the form in which the jury returned its verdict of guilty.

We have already seen that the jury found the defendant Demetrio Díaz, *alias* Leña Verde, "guilty of the crime as charged," without further declarations; and this form is not the proper one in the case of a crime of murder which, according to section 201 of the Penal Code in force, may be qualified in two different ways producing completely different results —as murder in the first degree, punishable by death; and as murder in the second degree, punishable by imprisonment in the penitentiary for a term of not less than ten years.

According to section 284 of the Code of Criminal Procedure, "whenever a crime is distinguished into degrees, the

jury, if they convict the defendant, must find the degree of the crime of which he is guilty;'' and this provision, which is always important, and especially so in a cause involving the death penalty, as in this case, is not complied with by saying, as the jury has said in this case, ''guilty of the crime as charged.''

On this point this court has already established a very important precedent.

In a criminal cause prosecuted in the said District Court of Humacao, against Francisco Rivera, *alias* Panchito (7 P. R. Rep., p. 325), for murder in the first degree, this court set aside the judgment of the lower court and ordered a new trial, or such action as might be proper under the law, on account of the jury having returned a verdict limited to finding the defendant ''guilty.'' It is true that the cases are not identical, because that form is much more vague and indefinite than that employed in the present case, in which the jury has found the defendant ''guilty of the crime as charged;'' but this verdict, although less vague, does not conform to the provisions of law, and cannot serve as a basis for a sentence imposing capital punishment, as that imposed upon the defendant in this case.

In the learned opinion of Mr. Justice MacLeary of this Supreme Court, which served as a basis for the judgment rendered in said cause by this court on June 25, 1904, Mr. Justice MacLeary condensed his thought upon this matter, in the following form, which we then accepted and now reproduce, because it appears to us to contain an exact interpretation of the law:

''The statute,'' says Mr. Justice MacLeary, ''does not prescribe any definite form for the verdict of the jury, and the form is immaterial if it is expressed in plain and intelligible words, so that its meaning may be readily understood and cannot be misinterpreted to the prejudice of the defendant. But the statute is imperative in requiring the jury in certain cases, including prosecutions for murder, 'to find the degree of the crime of which the defendant is guilty.'

Courts cannot dispense with this plain requirement of the law. It is not merely directory; it is mandatory. A verdict which fails to comply with section 284 of the Code of Criminal Procedure is 'contrary to law,' as indicated in section 303 of the same Code, and justifies the granting of a new trial, even if it should not be held to require it. Being designed for the protection of the accused, this section should be given a fair construction to effectuate that end.''

In confirmation of this doctrine Mr. Justice MacLeary then cites a large number of cases decided by the Supreme Courts of California and Montana, from the Codes of which the provision contained in section 284 of our Code of Criminal Procedure was taken, and in all of said cases it was held that this provision is not complied with by the jury employing a vague and general form, as that of finding the defendant ''guilty,'' without further qualifications, as ''guilty of the crime as charged,'' which is precisely the form employed by the jury in this case, and in all of which the sentences were set aside and new trials ordered.

In the prosecution to which we have referred against Francisco Rivera, *alias* Panchito, for the crime of murder in the first degree, this Supreme Court accepted the doctrine announced in such authoritative precedents, and set aside the judgment of the District Court of Humacao, also ordering a new trial or whatever action the lower court should deem to be proper in law. We understand that in this case we must maintain the same opinion.

It is true, as we have had occasion to say before, that the form employed in the verdict of the jury in the cause in reference, in finding the defendant ''guilty'' without further explanation, was more vague and indefinite than that employed in this case, in which the jury found the defendant guilty of the crime as charged; but in many of the cases cited in the opinion of Mr. Justice MacLeary, that was the very formula employed by the jury in its verdicts; and, nevertheless, it was held in all of them that the verdict did not conform to the provisions of law and a judgment based thereon should be set

aside. We understand this in the same way. The provision of section 284 of the Code of Criminal Procedure is specific.

"Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

"The jury must find the degree of the crime," says the section; and this provesion of the law which constitutes a real mandate can be complied with by the jury only by declaring and determining itself the degree of the crime, according to the judgment they may have formed of the facts, after hearing the allegations and the evidence. This is a guarantee which the law has wished to give a defendant in trials by jury and of which he cannot be deprived in any case, and much less in a case involving the death penalty, like this one. For this reason, we believe that the verdict of the jury in this case does not conform to the provisions of section 284 of the Code of Criminal Procedure, and that the judgment which took it as a basis is void and should be set aside.

We have already said that this defect has not been specifically excepted to by the defense; but this does not matter; the Act of the Legislative Assembly of this Island, approved May 30, 1904, expressly authorizes this Supreme Court to take cognizance of fundamental errors appearing in criminal causes, even though no objection should have been made to them, and to render such decision thereon as may be proper under the law; and it cannot be conceived that a judgment can be rendered with a more fundamental error than when the verdict of the jury, which served as a basis and ground therefor, was not found in accordance with the provisions of the act providing for trials by jury.

For all these reasons we are of the opinion that the judgment, rendered in this cause by the District Court of Humacao, sentencing the defendant, Demetrio Díaz, *alias* Leña Verde, to death, should be set aside and a new trial ordered, or

such action taken as the lower court may consider proper under the law.

*Reversed and a new trial granted.*

Justices Hernández, Figueras, and MacLeary concurred.
Mr. Justice Wolf did not sit at the hearing of this case.